# Amended Complaint

RECEIVED

NOV 0 5 2012

THOMAS G. BRUTON
CLERK, U.S DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Reginald M. Potts, Jr

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

FILED

12/17/2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

vs.

Case No: 12 C 5310
(To be supplied by the Clerk of this Court)

Daniel Moreci, Asst Director
Michael Miller, Asst Director
Walsh, Commander Ert Unit
DiMarco, Officer Ert Unit
Thomas Dart, Sheriff
Victor Thomas, Superintendent
Frank Arce, Commander
Sheahan, Commander
Richard Jewell, CRW
Pierce, Lieutenant
Cintron, Lieutenant

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY: **AMENDED COMPLAINT**

__✓__ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.**     **Plaintiff(s):**

    A.    Name: Reginald H. Potts, Jr

    B.    List all aliases: n/a

    C.    Prisoner identification number: 20070085153

    D.    Place of present confinement: Cook County Jail

    E.    Address: P.o. Box 089002, Chicago, Illinois 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**     **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: Daniel Moreci

        Title: Asst Director Ert !, Division (9) nine

        Place of Employment: Cook County Sheriffs Office

    B.    Defendant: Michael Miller

        Title: Asst Director - Security

        Place of Employment: Cook County Sheriffs Office

    C.    Defendant: Walsh

        Title: Commander Ert Unit

        Place of Employment: Cook County Sheriff's office

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: DiNarco

Title: Officer EFT Unit

Place of Employment: Cook County Sheriff's Dept

E. Defendant: Thomas J. Dart

Title: Sheriff

Place of Employment: Cook County Sheriff's Office

F. Defendant: Victor Thomas

Title: Division (9) Superintendent

Place of Employment: Cook County Sheriff's Office

G. Defendant: Frank Arce

Title: Administrative Commander Division (9) nine

Place of Employment: Cook County Sheriff's Office

H. Defendant: Mr. Sheahan

Title: Commander Division (9) nine

Place of Employment: Cook County Sheriff's Office

(2A)

Revised 9/2007

I. Defendant: Richard Jewell

Title : CRW/Social Worker/Counselor

Place of Employment: Cook County Sheriff's Office


J. Defendant: Ms. Pierce

Title : Lieutenant Division (9) nine

Place of Employment : Cook County Sheriff's Office


K. Defendant: Mr. Cintron

Title : Lieutenant Division (9) nine

Place of Employment: Cook County Sheriff's Office

Revised 9/2007

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _Potts Vs Tom Dart, et al_

B. Approximate date of filing lawsuit: _May 2011_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _None_

D. List all defendants: _Tom Dart_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Northern District Illinois Eastern Division_

F. Name of judge to whom case was assigned: _____

G. Basic claim made: _Excessive Force_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Pending_

I. Approximate date of disposition: _N/A_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

**IV.   Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any **legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Jurisdiction & Venue

A) This Action is Brought Pursuant to 42 USC § 1983 THe Court Has Jurisdiction over the Aforementioned Claims Pursuant to 28 U.S.C § 1331 And 1334(a)

B) Venue is Proper In this Jurisdictions Judicial District Because the Acts that give Rise to the Plaintiffs Claims, occurred In this Judicial District, Specifically In the City of Chicago, County of Cook, State of Illinois

C) Plaintiff is An Adult Individual, Who At All times Relevant to the defendants Actions, Was A Resident of the City of Chicago, Being Held In the Custody & Care of Sheriff THomas Dart, As A Pre-trial Detainee.

D) Defendants, Morecp, Miller, Walsh, DiMarco, Dart, Thomas, Arce, Sheahan, Jewell, Pierce, And Cintron, Were At All times Relevant Lawful Employees of the Cook

Revised 9/2007

County Sheriff's office, Performing their official duties within the Cook County Jail Complex. All defendants actions arise under the Color of State law, As such each defendant is sued In this Complaint In Both their individual & official Capacities.

## ~ Factual Allegations ~

1) Since July 2010, each time the Plaintiff is taken to Court, And walked through the Secure Underground tunnel System that Connects the Cook County Jail Complex to the Criminal Court Building, the (3) to (4) three to four Escorting 'Ert' Correctional officers Video/Audio tape the Plaintiff's Movements and words. This Video/Audio taping on the Hand Held Recorder Remains Constantly In Record Mode. Upon Arriving In the Criminal Court Building, Pre-trial Detainee Holding Area, the Ert Officer Holding the Hand-Held Recording device Continues to Capture the Plaintiff's Image And Speech. (There exist A Secure, Single Person Holding Cell with lockable gate, where Normal Visual observation Can Be Continually Maintained.) When

Revised 9/2007

the Plaintiff's Attorney's Arrive In the Holding Area to Communicate With the Plaintiff, or Shall the Plaintiff Documents, or Explain the day's scheduled events for that day's Court Appearance, the Ert Officer's Continues to Record the Speech And gestures of Both the Plaintiff, And His Attorneys. The Plaintiff And His Attorneys Have Requested to the Ert Officer's / Camera Operator, Not to Record Our Attorney-Client Communications, All to No Avail. The Video / Audio Recordings of the Plaintiff's Communications With His Attorneys, Have Routinely Been given to the Cook County State's Attorney Prosecuting the Plaintiff's Criminal Case, And Shown to Other Correctional Employees for "Training Purposes". It should Be noted, that out of the Roughly 10,000 Pre-trial detainees Housed In the Cook County Jail Complex, And thousands Who Attend Court Proceedings, In Courthouses throughout the county, And surrounding Counties; No other Pre-trial detainee is forced to Endure Such Actions By Sheriff officials. Defendants, Moree, Miller, Walsh, DiMarco, Dart, Thomas, And Arce, Are Aware of the nature of the Audio / Video Recordings Between the Plaintiff And His Attorneys, Have Been Complained to About

Revised 9/2007

the Recordings; Yet Refuse to stop the Unconstitutional Audio/Video Recordings of the Plaintiff's Communications With His Attorney's. Instead, the above Mentioned (7) seven defendants Have Actively Ordered, Endorsed, Or Personally Participated In the Audio/Video Recording of the Plaintiff's Communications With His Attorneys, despite the Plaintiff's numerous Complaints. These (7) seven defendants Continued Actions, Violate the Plaintiff's Right to be free of Retaliation, (As the Plaintiff Maintains is the Basis for the Audio/Video Recordings) furthermore their Actions Violate the Plaintiff's U.S. Constitutions First Amendment Right to freedom of speech; Fourth Amendment Unreasonable Invasion of Privacy; Fifth Amendment Right to Meaningful Access to Counsel; Fourteenth Amendment Equal Protection, As no other Pre-trial detainee is Required to endure such Audio/Video Recordings, And the defendants Unequal treatment of the Plaintiff (Singling out) does not bear A Rational Relation to A legitimate Penological, Or Safety & Security Interest; Fourteenth Amendment due Process Violations, By denying the Plaintiff Meaningful & effective Access to the Courts, through the Ability to Communicate Privately With Attorneys.

7

Along With Violating the Plaintiff's Illinois State Constitutional Rights of & Reasonable Expectations of Privacy In Communications With His Attorneys and the Illinois Eavesdropping Statute. (720 ILCS 5/14-1 et seq)

2) For the last Six Consecutive Months Since April 14th 2012, defendants Moreci, Miller, Dart, Thomas Arce, Sheahan, Cintron, Jewell, And Pierce, have Ordered, Endorsed, turned A Blind Eye to, And/or Personally Blocked & Refused to, Allow the Plaintiff Meaningful And Reasonable telephonic Communications With His Attorneys And Legal Aid Organizations, (I.e. Imagine Project) By Punitively Limiting the Plaintiff's Ability to Call His Attorneys & Legal Aid Organizations; to **ONE**, Five(5) Minute, Collect, Recorded & Monitored telephone Call Per Week. There exist Absolutely No Legitimate Safety or Security Rational for the Retaliatory & Punitive Limitations Placed on the Plaintiff's Ability to Reasonably Communicate With His Appropriate Legal Counsel. No Disciplinary Sanctions Have ever Been Imposed on the Plaintiff By the Pre-trial Detainee Disciplinary Hearing Board, for Violations of established telephone Rules.

Revised 9/2007

Additionally, the defendants, Specifically Nocci, Miller, Dart, Thomas, Arce, Shenhan, Jewell, and Cinten Have denied the Plaintiff His Fifth & Fourteenth Amendment Rights to Due Process, By Arbitrarily And With Retaliatory Intent, (on behalf of Daniel Nocci) denying the Plaintiff, the Circuit Court orders to Non-Collect, Non-Monitored, Non-Recorded 'legal calls', three (3) times Per Week. These "legal call" Court orders Were Ordered for the Plaintiff By Circuit Court Judge's In Both Cook & dupage Counties to safeguard And Protect the Plaintiff's Ability to communicate With Lawyer's And other Individuals the Courts found should Be exempt from the Blanket Policy of the Cook County Department of Corrections, that Monitors & Records Pre-trial detainees Calls. The Administration, Within the Cook County Department of Corrections Created An Official Policy, And Authored Memorandum's By defendant Michael Miller, Which outlined How "legal calls" that Were Ordered from the Circuit Courts Would Be given. And Also designated An Area/Room that Would Be equipped With A telephone that Would Allow, Non-Collect, Non-Monitored, And Non-Recorded Outgoing telephone Calls, to numbers And

Individuals Authorized By the Circuit Courts order for "Court Ordered legal Calls". In essence, the (defendant) Michael Miller's Policy Makers Created the following Procedure. After legal Call Court orders, Were Received from the Records office or Social Worker, The Pre-trial detainee Would Be Brought from His Assigned tier, to the "Legal Call Room", the Correctional officer Would dial the Authorized telephone number, Ensure that the Appropriate Party Answers the other end of the telephone, And then Hands the Receiver to the Detainee, And Closes the door, leaving the Base of the telephone outside of the Room, thus disabling the dialing of Any ~~Unauthor~~ Unauthorized numbers By the detainee. A logbook Was Maintained that detailed Each Pre-trial detainee that Had A Legal Call Court order, the days & times Said Calls Were to be given, Authorized numbers that Were dialed, And the duration of those Calls.

The Plaintiff's Access to the legal Call telephone Was Provided to Him, As Mandated By the Circuit Courts of Both Cook & Dupage Counties, In the legal Call Room or Social Workers office, Until Daniel Moresi Began His Champaign or ~~Began~~ Retaliations Against the Plaintiff,

Revised 9/2007

for the Plaintiff's Complaints, grievances, and lawsuits against defendant Moreci. The Plaintiffs Court orders from Both Cook's Dupage County Circuit Court Judges, are still valid, Have Been given to the above listed defendants. Yet due solely to defendant Moreci's Retaliatory Intent, and Instructions, the other listed defendants Have Refused to Allow Plaintiff access to His Court ordered legal telephone Calls, to Communicate With His Attorneys & legal Aid Organizations, on the Non-Collect, Non-Monitored, Non-Recorded, "legal Call" telephone.* It should Be noted that defendant Moreci Has openly stated, As late As October 3rd 2012, that He wanted all Plaintiff's Calls to His lawyers Recorded and Monitored, so that "He" (A defendant In several civil Matters that Involve the Plaintiff) Could Personally listen to those Conversations, to see if Plaintiff was talking about Him, the Plaintiffs lawsuits Against Him, or Plaintiff's Criminal Indictment, so that He could Provide that Information He over-Heard to His (Moreci) lawyers, and the States Attorneys Office.

Defendant Moreci, Arce, Thomas, Has stated to the Plaintiff, that Per Moreci's Instructions, the Plaintiff does not Have A right to Non-Monitored/Non-Recorded telephonic Communications With His Attorneys, even When

Revised 9/2007

A Court Order for Such "Legal Calls" Have been Issued, because the Plaintiff's Lawyers Can Speak to Him At Court, (which Defendant Moreci Has ordered Audio/video Recorded), or Can Come to the Jail to Speak to Him, (where Defendant Moreci Has previously ordered that Correctional Officer's Sit directly Outside of Room, with the door Slightly Ajarred) if the Plaintiff needs Privacy. Defendant Moreci Has Stated His Position that, "... the Court orders You get from a Judge Can't Control How I Want to Run My Jail, And I don't Have to follow Some liberal left Wing Judge's Court order. My sheriff Will back Me Up, our lawyers say We Can Run our Jail How We Want, So file Your lawsuits, You'll Never get A dime out of My Pocket, It's the County's Money not Mine." Defendant Moreci Has Continually stated His Basis for His Retaliatory Conduct By often Saying "... Makes You think You Shouldn't Have Messed With Me or Mands With Your grievances or lawsuits, doesn't It. You'll See My face, And feel My Hand As long As You're In this Jail, You haven't Seen nothing Yet."

Court ordered "legal Calls" Are Still Provided to Other Pre-trial detainee's through-out the Cook County Department of Corrections Complex, to All detainee's that

Revised 9/2007

HAVE A VALID COURT ORDER FOR those CALLS, And those Orders "Legal Calls" PRE Provided In Accordance With Defendant Michael Miller's Previously Mentioned Memorandum. Thus, the defendants Actions With Regard to denying Plaintiff Access to the "Legal Call" telephone, As Ordered By Circuit Court Judges In Both Cook & DuPage Counties, is Also A Violation of the Plaintiff's Due Process Rights to Equal treatment of Similarly Confined Pre-trial detainees.

3) After Plaintiff Potts Began to seek Redress through Letters to Legal Aid organizations, Illinois Jail standards Unit, And the filing of Civil Actions Against Daniel Moreci, for His Misconduct, And Constitutional Violations; the Plaintiff Began to ~~ever~~ experience difficulties Having His outgoing Mail Reach Its Intended Parties, And Incoming Mail that Was received In the the Central Mail-Room Never Reached the Plaintiff; (Legal Mail and Mail/Packages from Plaintiff's family & Friends.) Letters that the Plaintiff gave to Correctional Officers, Addressed to His Lawyers, Federal & State Courts, (Judges & Clerks) Legal Aid organizations (ACLU, etc) and Letters to family & friends Never Reached those Individuals, OR Organizations. In Numerous Instances Involving Outgoing

Revised 9/2007

legal Mail, that never Reached It's Intended Addressee, there exist An Official Record that the Mishandled Legal Mail was Indeed given to Correctional Officials for Mailing, Because the Plaintiff Had to Sign a logbook With the Law Librarian, naming the Addressee, In order to receive Postage for the Mail. Defendants Thomas, Arce, Sheahan, Jewell, Pierce, And Cintron, Have All Been Made Aware of the Issues With Plaintiff not Receiving His Mail, And His outgoing Mail not Reaching It's Intended Parties. The Defendants, Who Have direct Control over the Outgoing & Incoming Mail, Have Refused to Resolve the Matter, And In the case of defendant Jewell, even thrown Away Plaintiff's grievances on Daniel Moreci About the Mail Issue, And Informed Moreci And other Defendants that the Plaintiff Was Writing grievances on the Mail Issues. Furthering the Retaliatory Harassment from defendant Moreci, And others.

The Defendants Actions, With Respect to Plaintiff was Being Audio/Video Recorded; Prevented from Communicating With His Attorney/s & legal Aid organizations In Reasonable Durations (More than the Punitive once A Week, five Minute Call) on non-Recorded, non-Monitored telephones, Along With the tampering ~~with~~

(14)                                                    Revised 9/2007

of the Plaintiff's Incoming & Outgoing Mail (especially His Legal Mail) Serve to Intimidate And Retaliate Against the Plaintiff For His Complaints, Grievances, & Lawsuits Against Defendant Moreci And the Cook County Department of Corrections; Which Violate the Plaintiff's U.S. Constitutional Rights, under the First, Fifth, And fourteenth Amendments, the Plaintiffs Rights under the Similar Amendments of the Illinois Constitution, Along with the Plaintiff's Statutory Rights under the Illinois Administrative Code, (County Jail Standards Act) And the Illinois Eavesdropping Act.

## Counts

1) Defendants Moreci, Miller, Walsh, DiMarco, Dart, Thomas Have Violated the Plaintiff's United States Constitutional Rights, of the First, Fifth, And Fourteenth Amendments, By Ordering, Endorsing, or Personally Participating In the Audio/Video ~~Red~~ Recording of the Plaintiff, And of the Plaintiff And His Attorneys While they Engaged In Attorney-Client Consultations. The Defendants Actions Also give Rise to State Claims Violations under Similar Illinois Constitution Amendments, Along With the Illinois Eavesdropping Act.

(15)

Revised 9/2007

II.) Defendants Moreci, Miller, Thomas, Arce, Sheahan, And Dart, Have Violated the Plaintiff's United States Constitutional Rights, of the First, Fifth, And Fourteenth Amendments; By Punitively, With Retaliatory Intent, Limiting the Plaintiff's Ability to Communicate By telephone With Attorney's And Legal Aid Organizations, to the Severely Unreasonable duration of Exactly Five(5) Minutes, once Per Week, on telephones that Are Monitored And Recorded. Cook County Jail Pre-trial detainees, As A Whole, Are Permitted Unlimited, daily (fifteen(15) Minute durations), Access to telephones, Whenever they Are In the dayroom/Common Area. By Comparison, the Plaintiff is Permitted (1)one hour Per day, In the dayroom/Common Area Where the Detainee telephones Are located; Yet the Plaintiff Has Been Punitively limited to Use of those telephones, to once Per Week, for Exactly Five(5) Minutes. (*Regards if A Connection is Actually Made, or the Attorney/Legal Counsel is Actually Spoken With). There Exist no Legitimate Safety or Institutional Security Rational for this Punitive limitations, As the Plaintiff is Physically In the Same dayroom/Common Area With

Revised 9/2007

the WALL Mounted detainee telephones, for (1) one Hour PER day. THE Defendants HAVE Re-Programmed the detainee telephones from the fifteen Minte Per Call durations, on An Unlimited daily BASIS for other detainees, to the Unreasonable And Punitive Limitations that the Plaintiff Experience's When He Attempts to Utilize the detainee telephone System. THE Plaintiff Has not Violated Any Rules or Regulations, Regarding the telephone, And is not Under Any Sanctions By the Detainee Disciplinary Hearing Board, Authorizing Restrictions on His telephonic Access, for Misconduct Concerning His telephone Privileges.

III. Defendants Moreci, Miller, Thomas, Arce, Sheahan, Jewell, Pierce, Cintron, And Dart HAVE Violated the Plaintiff's United States Constitutional Rights, of the first, Fifth, And Fourteenth Amendments By Refusing to Abide By the Orders of Circuit Court Judges, from Both Cook; Dupage Counties, that Ordered the Plaintiff to HAVE Access to Non-Collect, Non-Monitored, Non-Recorded legal Calls to Attorney(s on A Weekly Basis. THE Defendants HAVE Available to

(17)

Revised 9/2007

them, copies of the Cook & Dupage Counties Court orders mandating the Plaintiff's access to a legal call telephone. Defendant Victor Thomas received a copy of the ~~most~~ latest Dupage County legal call order, on October 22nd 2012, less than two hours after it was issued by the Circuit Court Judge in that pending matter; yet refuses to abide by it's command, despite the fact that the order specifically ordered him by name, to adhere to the Judge's written court order. Defendant Thomas stated, openly, to that Plaintiff, that he, like Defendant Moreci, does not have to "honor" a Judge's order, with respect to non-collect, non-monitored, non-recorded legal calls, especially one from a Dupage County Judge.

IV.  Defendants Moreci, Thomas, Arce, Sheahan, Pierce, Cintron, and Jewell have violated the Plaintiff's United States Constitutional Rights, of the First, Fifth, and Fourteenth Amendments, along with his similar Illinois Constitution protections by; destroying, mishandling, failing to properly deliver, and/or ordering the destruction, and/or not properly securing from misplacement, and/or turning a blind eye to the

Plaintiff's numerous complaints, to all defendants Personally, concerning the Retaliatory Misconduct by Correctional Staff, with Respect to the Plaintiff's Incoming & Outgoing Legal Mail, Along with the Plaintiff's Incoming & Outgoing Mail to Family & Friends. The Defendants have direct control over the outgoing legal mail & Regular mail that the Plaintiff Provides Correctional Officials for Placement with the United States Postal Service. Along with control over the Incoming Legal Mail & Regular Mail, that Arrives at Division (9) nine daily for distribution to Pre-trial Detainees. Shortly after Defendant Moreci & Thomas learned of the Plaintiff's Complaints, grievances, And Civil Actions concerning the Audio/Video Recordings of Plaintiff's Communications with His Attorney's, And the Punitive telephone Limitations; the Plaintiff Began to Be Affected by His outgoing Legal Mail And Regular Mail, Not Reaching It's Addressee, Along with His Incoming Legal Mail & Regular Mail, Not Being Provided to Him by the Division (9) nine Correctional Staff. (Defendants)

Revised 9/2007

## V.   Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

1) Preliminary Enjoin Defendants From Directing Plaintiff to further Acts
2) Order the Destruction of All Audio/Video Recordings Made By defendants
3) Award Plaintiff Punitive Damages
4) Award Plaintiff Compensatory Damages
5) Grant Plaintiff Reasonable Attorney Fees And Cost
6) Grant Such other Relief As the Court Deems necessary and proper

## VI.   The plaintiff demands that the case be tried by a jury.  ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this   24th   day of  October, 2012

_Reginald M. Potts Jr_
(Signature of plaintiff or plaintiffs)

_Reginald M. Potts Jr_
(Print name)

_2007C0085153_
(I.D. Number)

_P.O. Box 089002_

_Chicago, Illinois 60608_
(Address)

(20)

Revised 9/2007

United States District Court
Northern District of Illinois

October 29th 2012

CASE # 12 C 5310
Judge Leffkow

# Notice of Service

I, Reginald M. Potts Jr., swear that on the

Above date, Before 5:00pm A Copy of the

Enclosed Amended Complaint, was served At the

defendants Attorneys of Record; Ms. Nile N. Miller Cook
DALEY CENTER Room # 500
CHICAGO, ILLINOIS 60602

County Assistant States Attorney Civil Division By Placing

A Copy of the Amended Complaint In the U.S. Mail

At 2700 s California, Chicago, IL. (Cook County Jail)

Respectfully,

Reginald M. Potts

10/29/2-12